IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NATURAL FLAVORS, INC., | § | |
| HARRIS STEIN, HERBERT STEIN, | § | |
| and JASON STEIN, | § | No. 164, 2020 |
| | § | |
| Defendants Below, | § | Court Below—Superior Court |
| Appellants, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. N19C-01-320 |
| | § | |
| FIRMENICH INCORPORATED, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 7, 2020
Decided: May 22, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the notice of interlocutory appeal and the documents attached thereto, it appears to the Court that:

(1)     The appellants-defendants below Natural Flavors, Inc., Harris Stein, Herbert Stein, and Jason Stein have petitioned this Court, under Supreme Court Rule 42, to accept this interlocutory appeal from a Superior Court opinion, dated April 7, 2020, denying their motion to dismiss Count I of the amended complaint filed by the appellee-plaintiff below Firmenich Incorporated.[1]     The litigation arises from

---

[1] *Firmenich Inc. v. Natural Flavors, Inc.*, 2020 WL 1816191 (Del. Super. Ct. Apr. 7, 2020).

Firmenich's acquisition of Natural Flavors. Firmenich, a manufacturer seeking to expand its natural organic and organic product manufacturing, entered into an Asset Purchase Agreement to acquire Natural Flavors, a manufacturer of natural and organic flavors. After the acquisition closed, Firmenich learned that Natural Flavors did not produce flavors compliant with federal or industry standards.

(2) In January 2019, Firmenich filed its initial complaint against Natural Flavors and its shareholders for breach of contract, fraud, and unjust enrichment. The defendants filed a motion to dismiss that the Superior Court granted in part and denied in part.[2] The Superior Court held, among other things, that the fraud claim was based on conduct distinct from the conduct underlying the breach of contract claim, but had to be dismissed because the damages for both claims were duplicative.[3]

(3) Firmenich then filed an amended complaint, pleading claims in the alternative for fraud in the inducement, unjust enrichment, and breach of contract. Firmenich also sought rescissory damages for the fraud claim. Natural Foods and the Steins filed a motion to dismiss the fraud claim. The Superior Court denied the motion, finding that the amended complaint for rescissory damages sufficiently distinguished the fraudulent inducement claim from the breach of contract claim.[4]

---

[2] *Firmenich Inc. v. Natural Flavors, Inc.*, 2019 WL 6522055 (Del. Super. Ct. Oct. 29, 2019).
[3] *Id.* at *3-6.
[4] *Firmenich*, 2020 WL 1816191, at *9-10.

(4)     Natural Foods and the Steins filed an application for certification of an interlocutory appeal.  Firmenich opposed the application.  The Superior Court denied the application for certification.[5]  The Superior Court first found that its ruling decided a substantial issue of material importance.[6]  As to the Rule 42(b)(iii) criteria, the Superior Court concluded that there appeared to be a conflict on the question of law (Rule 42(b)(iii)(B)) concerning whether the addition of rescissory damages distinguishes fraud damages from breach of contract damages, but that review of the interlocutory order would not terminate the litigation (Rule 42(b)(iii)(G)) or serve considerations of justice (Rule 42(b)(iii)(H)).[7]  The Superior Court noted that the breach of contract and fraud claims should not present meaningful differences in the discovery or the evidence presented at trial.[8]

(5)     Applications for interlocutory review are addressed to the sound discretion of the Court.[9]  In the exercise of our discretion and giving due weight to the Superior Court's denial of the application for certification, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b).  Exceptional circumstances that would merit interlocutory review of the Superior Court's

---

[5] *Firmenich Inc. v. Natural Flavors, Inc.*, 2020 WL 2193285 (Del. Super. Ct. May 6, 2020).
[6] *Id.* at *1.
[7] *Id.* at *1-2.
[8] *Id.* at *2.
[9] Supr. Ct. R. 42(d)(v).

interlocutory opinion do not exist in this case,[10] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[11]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
                    Justice

---

[10] Supr. Ct. R. 42(b)(ii).
[11] Supr. Ct. R. 42(b)(iii).